UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REGINALD COOKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG J. MITCHELL,<br><br>　　　　Defendant. | No. 2:15-cv-2403-MCE-EFB P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding without counsel, filed a document titled "Compelling Discovery 'Order' for Payment Default Judgment." <u>See</u> ECF No. 1.[1] The filing alleges a defendant in Los Angeles refused to respond to Plaintiff's discovery requests.

　　　　On November 24, 2015, the magistrate judge determined that the complaint arose out of events that occurred in Los Angeles County and transferred the case to the Western Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a). ECF No. 4. Plaintiff responded with a filing that, liberally construed, seeks reconsideration of the magistrate judge's order and argues that venue is proper in this Court because Plaintiff resides in the Eastern District of California. ECF No. 8.

///

---

[1] Although not captioned as such, Plaintiff indicated that this filing was intended to serve as a "new complaint." ECF No. 1 at 3.

1       Local Rule 303(f) provides that orders of magistrate judges shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the Court finds that the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

      The federal venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff's objection to the transfer of venue is based upon his residency in this District. Under § 1391(b), that is not a basis for finding proper venue.

      Accordingly, the order of the magistrate judge filed November 24, 2015 (ECF No. 4) is AFFIRMED.

      IT IS SO ORDERED.

Dated:  December 10, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT